Oral Argument not to exceed 15 minutes per side. Ms. Victor for the Plaintiff's Appellants. Good afternoon, Your Honors. May it please the Court, I'm Cindy Victor on behalf of the Plaintiff, the Appellants, Republic Bank, and Michael Torres. I would like to reserve five minutes for rebuttal, if I could, please. And I would like to ask the plaintiffs to do so. I've been doing this now for 43 years, but if I do seem a little bit off, I do apologize. My 90-year-old mother slipped and fell last night and is having hip replacement surgery as we speak in Michigan. So I am not myself. So if I give you that look that looks like I'm stupid, that's why, and I apologize. I hope everything works out well. Thank you for your kind words. I will make this as short, and I respect all of you on the bench. I've been in front of most of you, and I know that you read the briefs and are well prepared. We have just two arguments. This is not a collateral attack on a consent judgment, and comedy and federalism don't play a role here. In this case, there was a consent judgment. It was entered in 2003, and the case closed. 19 years later, my client brought this action because the township would not allow him to develop his property. While there was a consent judgment that pended on the property, they wouldn't allow anything having to do with the property in any way. So my client, we brought a due process and an equal protection claim for treating him differently than other developers, and a claim of unconstitutional taking because he had not had the use or ability of his property. And the complaint is painfully long, and I'm sure way too many paragraphs, where it details all of his efforts to develop the property. Are you abandoning the point about the breach of contract being in front of this court? Your Honor, that's an excellent question. And in this court, we brought it just for judicial economy. Had I gone back now, if I had a way back machine, would I bring two separate lawsuits? Absolutely. And then we could avoid it. But this could also be It actually reads like you were planning to file it in a state court to begin with, because you say the consent decree was entered by this court in your allegations. I was wondering what that was. That was exactly right. Judge Ruscio was so precise. That is exactly right. We were planning to do so, and then just thought, for judicial economy, put it together. If the court doesn't want to hear it Would you have brought the constitutional claims, though, in state court? No. We could have, but my experience has been in every single case that I bring in state court, that they were removed to federal court. And I think the judges are getting tired of that. So I've been bringing them now, trying to bring them in federal court. I did have one that I brought in state court, and it got removed to federal court very recently, in Wayne County Circuit Court. So I'm trying to start in that district. That's been my experience. So in this case, had Judge Drain believe this to be a state court matter, that he didn't want to handle the pendant state court action claim, it could have just been, as many courts do, issued decisions saying, well, we're going to consider the federal claims, and the state to bring it in Macomb County Circuit Court if we chose to proceed that way. Can you articulate how your constitutional claims do not involve interpretation of the consent judgment? Yes, because at no time in the tortured 19 years between the entry of the consent judgment and the bringing of this lawsuit, did the township ever say to my client, you can't develop the property because of the consent judgment. You're not in compliance with the consent judgment. You need to do A, B, and C before you can do this. But aren't they saying that now, though? But they're saying it post, you know, after we filed the lawsuit. Throughout it, it was simply a refusal to process it as they would process any other person who had brought something. And the consent judgment is silent on the processing of it. It doesn't say that you have to go to Cindy Victor and this department and have her handle this or this happened. They simply would not take my client's plans and process them in the way that they would process anybody else or anyone else. This is not the only consent judgment that's ever happened in this township. And it wasn't handled the way other people who are holders of consent judgments were handled. Okay. I'm sorry. Go ahead. I'm just curious. In your reply brief, you say, quote, the consent judgment is central as to the factual basis for plaintiff's claims. That's what your assertion is, right? Okay. Now, if that's so. That may have been a typo. What page? Page three of the reply brief. I'm so sorry. That's the part I left over there. Excuse me. I'm afraid it's the beginning of the first full paragraph on page three. It says, however, simply because a consent judgment is central as to the factual basis for the plaintiff's claims. How it begins the sentence. You seem to make a concession there that the consent judgment is central as to the factual basis for plaintiff's claims. No. I'm so sorry. If you read it in connection with the previous paragraph, we're talking about the township's argument. And so what we're saying is if the township is saying that the consent judgment is a factual basis for our claims, we're saying if we argue that in the previous paragraph and then say it doesn't automatically make it a collateral attack, look at this case, Strife v. Mason. Because in that case, we had a consent judgment that in that consent decree, they were attacking it. This court found that the request for an injunction was a collateral attack, but they still could go forward with the plaintiff's request for a finding that that person was a suitable person for promotion and the eligibility requirements were illegal. So what we're trying to say is even if this court were to find that it was central, it doesn't mean that you have to throw it out, that you have to throw this case out of federal court. We've had an example like that in the Sixth Circuit in the Strife v. Mason case where they still could consider various claims that were there. I'm sorry. It's poor wording and I apologize. Was the Sixth Circuit interpreting the consent judgment in Strife? They were not interpreting the consent judgment, but to the part, yes and no, because they also said that they were going to fashion a remedy that was compatible with the consent judgment. And we find that on 849 F. 3rd at 245. So in this case, we're not asking the consent judgment. The consent judgment is plain on its face. We don't claim it's ambiguous. We don't claim that there's any, you know, that you have to construe it in a different way than it's written. We're saying there's a consent judgment and we should have been able to proceed going forward, but the township is treating us differently than other people and we put in a long detailed list of how that is and how we were sent to downtown development and how we were several times before a Ways and Means Committee, which has nothing to do with property development. What would be your best case that you think supports your position on that? In other words, that attacking a consent judgment from a state court that retains jurisdiction over interpretation of it is not a collateral attack when you sue in federal court? I don't know that I would have a case that says that, Judge Gilman, because I don't believe we are attacking, collateral attacking the consent judgment. We're simply saying It would be nice if you had a case that said, hey, this is not a collateral attack. Oh, gotcha. Okay, so there, I think that in this situation there are cases where there are contracts and perhaps I can give a different analogy. If you have two people who have a consent judgment with the township and one is a member of a protected class and one is not, and the township treats them differently, treats the member of the protected class poorly and doesn't allow them to develop their property and doesn't do, does the things that happens in this case. And they're completely different. It wouldn't be an attack on the collateral on the consent judgment. The person would say they're treating me differently because I'm a member of a protected class. What's your client's protected class? And mine, mine is a client, is a class of one. But he is asserting he's being treated differently than other people who are, who have consent judgments who have been allowed to develop their property and different from other property owners who have been allowed to develop their property. His is the only one where that has not happened. And at no time has there ever been a proffer of why that's happened. So why there's, while there's been an argument this is a collateral attack, we have no example either in the township's briefings or from the, how it's a collateral attack because we have never asked to interpret the consent judgment. We're not asking the judge to change the consent judgment. The breach of contract. You are because the consent judgment required your client to start construction within six months and they didn't do it ever. It required them to start consent judgment within six months is correct and it required them, they submitted plans and it was six months after the plans were approved and the plans were not approved. Can I ask you a different, a different line of question? Judge Gilman, did you have a follow up? Go right ahead. What, what, what relief are you seeking in this case? What we're seeking in this case is damages for my client being, for the taking of the property, that they have been unable to develop it. So the lost in economic value between what it would have been developed and what it is today. Are district courts allowed to abstain and dismiss cases when the relief sought is damages as opposed to equitable relief? I don't believe so. I think that in this case where we stated a 1983 claim with damages and we weren't seeking injunctive relief, that that case should have remained in the district court. That's ordinarily what happens with cases seeking damages as relief, right? District court. Correct. State a case. Right. The abstention doctrines don't apply the same way in damages cases as they do in cases seeking declaratory judgment or some other kind of action. Correct. We're not looking for injunctive relief. We're looking for dollar damages. Are you doing this in your brief? I don't know that that issue came up and I should have and I thank you for allowing me the opportunity. It's a jurisdictional question at this point, right? Right. But, but it is, it is a jurisdictional question. We are only seeking damages. So thank you. Well, thank you, Ms. Victor. You've got your rebuttal time. Thank you so much. Good afternoon, your honors. May it please the court, I am Matthew Zaleski and I represent the defendant appellee in this matter, the Charter Township of Clinton. We do agree with the appellant that there's a narrow set of issues here. Is this case a collateral attack? And to a lesser extent whether the doctrines of comedy and federalism support the Eastern District's decision, but ultimately we acknowledge that that's not dispositive. The Township urges that the District Court correctly dismiss the complaint for lack of subject matter jurisdiction as a collateral attack because of the prior lawsuit. Can I just ask, can I start with the questions I asked to your friend on the other side? So this is a case seeking damages. What, what abstention doctrine, what case says that abstention doctrines allow a District Court to dismiss a case when the relief sought is damaged as opposed to equitable? Your honor, I would first suggest that the request for relief does include a request for injunctive relief in several, in paragraphs A, B, and C. So if that's being negated at this point, that's new to me or withdrawn. But your honor, in agreement with my friend on the other side, that was not a briefed issue below. It's a jurisdictional question, right? The court dismissed the case on jurisdiction, so we have to take up all these issues. I read the cases to say that if they're seeking damages, District Courts don't dismiss the case like they would if they were seeking equitable relief. The Quackenbush case in the Supreme Court pretty clearly says that. Your honor, I guess I would think back to a case that I have argued in front of this court before in briefing and it's referenced in my brief, the Wazinski v. Lelanau County case, a version of which was recently decided again by this court, where that complaint included damages claim as well. There was a collateral attack component to the District Court's decision in that case. Judge McKeague's case? That was Judge Neff. But that's, so I believe there are examples there of damages related cases that have been. Is it possible we could send the case back because the court does have jurisdiction over the case and then you could argue whether the court should state a case or whether you want to file something in state court to have an active state court case, in which case the federal court to decide what it wants to do at that point? Well, your honor, if this court remands the case, I think that is the ultimate conversation that would be had because then Judge Drayton would need to decide if he is going to exercise supplemental jurisdiction over the breach of contract claim. If not, is there going to be a parallel state proceeding? Then potentially Colorado River issues will come in, in terms of abstention, if the state court proceeding needs to play out first before the federal claims are decided. Why do you, what's your essential argument of why this is a collateral attack? Thank you, your honor. Fundamentally, in order to reach the decision that there was a taking, a due process violation, the federal court would ultimately need to interrogate the consent judgment. What were the party's rights and obligations under the consent judgment? Is this course of dealing that the appellant is describing inconsistent with the consent judgment? Are there procedures that should have been followed? And ultimately, if the relief is granted, then the federal court, by saying that there was a taking in particular, would be saying, look, this project that was contemplated in the consent judgment was not what the plaintiff appellant was required to do. Because if we look at all the correspondence that was attached, for example, to the complaint, the plaintiff is not talking about doing the same project that existed in the consent judgment. It is not just talking about a modification. I know there's some discussion there about whether the county drain commissioner was okay with the provisions regarding the drain. It's not just about a minor modification. The plaintiff had subsequently acquired neighboring property, had obtained a conditional rezoning but had never submitted the agreement, was we look at the attachments to the complaint, ECF 4-17-18-20, all the way up to December 19, 2019, during these conversations about potentially amending the consent judgment, the township is saying to the plaintiff, we need new site plans. Even in December 19, what exactly are you asking to do? It was very clear to the township that this was not just a matter of acting under the consent judgment as the consent judgment. But the consent judgment's plain terms said that the plaintiff agrees to strictly abide in strict conformity to the project that was provided for in the consent judgment. No amendments unless agreed to by the parties and entered into by the court. Is it the township's position that any development of this property is governed by the consent judgment? Yes, Your Honor. Because ultimately the consent judgment states that it flows to successors, assigns, etc., and runs with the land. So any prospective purchasers that might be coming, this is a recorded document in the chain of title, it is a matter of the record of the court, and therefore binding on those that come to the property. So if a future developer wanted to purchase the property, they're on notice of it, and could equally seek amendment. And Your Honor, that leads me, I wanted to address the reply brief a little bit, and that Striff case. The plaintiff has suggested that that case talks about situations where the federal court can, in fact, provide relief under a consent judgment in a separate case. But that was a very specific case. As was acknowledged in that case, and then subsequently acknowledged by this court in the case Her Majesty the Queen of Right of the Province of Ontario v. City of Detroit 874 F2D 332 from 1989. The consent judgment in that case came out of a federal court case, a very long-flowing federal court case regarding the city's civil service practices and police department promotional standards. And the Striff case was a third-party issue in terms of how the procedures under that consent judgment were being applied in that party's case for being promoted. And as the appellant acknowledges in our case, the Sixth Circuit did find that this third-party case was a collateral attack on the original consent judgment, but left open the idea that the plaintiff could then get relief through the federal court relative to the consent judgment by intervening in that original case. The original case was brought in federal court. Yes. Yes, Your Honor. And it's very express in the opinion. And so that's on par with what the township is essentially asking the court to affirm here. Go back to the original case, the case where the parties agreed that the state court has exclusive jurisdiction. Go back to the original case where the consent judgment was created. To the court that has the power of contempt for not enforcing that agreement, to the power for not complying with the agreement, to the court that has the power to modify and grant relief from that agreement, that that's what should be done. And if the court will bear with me, to the extent that we look to state law for interpreting consent judgments in their dual nature as an order of the court and a settlement agreement. The Michigan Court of Appeals just on April 27th of this month, or this year, looked at a very comparable case. Again, it was a third-party attack case, a collateral attack case on a consent judgment. North Star Sail Club v. Charter Township of Harrison, admittedly an unpublished procuratorium opinion of the Court of Appeals of Michigan that is not binding on the court, but illustrative, docket number 359707. There that was, you had a plaintiff that brought challenges to a consent judgment in another case, including constitutional claims, including federal constitutional claims, albeit ultimately litigated in state court. And the Michigan Court of Appeals in that case said no. No, this is a collateral attack on the original consent judgment, and you need to go back to the original case and intervene in it. So, in a sense, if you're looking at STRF and you're looking at what the Michigan Court of Appeals is doing, there is a synergy. There is a consistency in what is going on. And that is... Yes? A question about the parties, which is unclear to me. What is the relationship of Republic to the original plaintiffs who got the consent decree? Yes, you're right. Republic is the successor entity, corporate entity, to University Builders. That's not disputed by the parties. They've just succeeded to all the rights of University Builders? That's correct. That has never been an issue for the township. Thank you. Yes. So ultimately, that's really the long and short of the position here of the township, is that in order to achieve what the plaintiffs want to achieve here, we have to look at the rights and obligations of the court to determine that the plaintiff was entitled to either relief from the consent judgment or a pursuant to the consent judgment. How do we get to the takings or due process issue without determining the rights of the parties under the consent judgment? What's your strongest case, do you think, supporting your position? Yes, I think one of the toughest things about this area of law, I think, is demonstrated by both parties, is there is not a large swatch of case law in support of either of us that's particularly binding. But with the Pratt v. Ventus case, the 365 F3D 514, 6th Circuit, 2004, emphasizing that a collateral attack is a situation where a party seeks to circumvent an earlier ruling of the court. And then we have, I mean, that's really the basic holding, it doesn't get us all the way, but there is not really a factual, binding, published decision on this type of situation. Certainly, no matter which direction this panel goes, it would be helpful, I think. The Pratt cases, aren't those distinguishable because they are bankruptcy appeals where the parties appealed to the wrong district court from the bankruptcy court? Well, it's still ultimately the same idea. Those are the facts, that's what those cases are about, right? Right, yes, yes, they are. Very different context. Admittedly, and that's part of the problem, that there isn't a perfect contextual. So I've had to argue the cases that are out there, but we would argue that the context is very similar, in that they're coming to the wrong court. I thought the case was dismissed on jurisdictional grounds because it was brought to the wrong, the appeal was brought to the wrong district court from the bankruptcy court. And that's a very different circumstance we have here. I mean, we have jurisdiction over this case, right? There's federal question jurisdiction. Certainly, over the constitutional claims, that is within the federal court's jurisdiction, but it's still subject to the various affirmative defenses that could generate a lack of subject matter Which are those? Collateral attack. Which are what? What defenses? Specifically, the idea that this is a collateral attack. The idea, I mean, being, so there's some abstention principle you want us to apply? That's what the district court effectively did, right? Your Honor, the township had alternatively argued abstention, but the court ultimately declined to rule on that because of the collateral attack decision. Let's go back to my first point, which is the cases all seem to say in damages cases that there's not an absence of subject matter jurisdiction. The Supreme Court said this pretty expressly. The court has to keep the case. Now, the court could stay the case if there's an ongoing pending state action, but there's not really even actually an ongoing pending state action at the moment, is there? There is not, Your Honor. Would the remedy be to dismiss without prejudice so that the plaintiff could then file in state court? Your Honor, that certainly would be among the universe of possibilities. How did the district court rule in this case? Was it with or without prejudice? I believe it was with prejudice. It simply granted the motion to dismiss and enter judgment in favor of the defendant. It did not specify. Your Honor, unless there are any other questions.  When you say collateral attack on a judgment, does that mean you have to necessarily be asking for the judgment to change? I mean, I think what the plaintiffs are arguing is that they're not attacking the judgment because what they're asking for, in their view, is consistent with the judgment. Well, Your Honor, I think that one of the cases I reference, and I'm sorry, I say I'm out of time. You can answer my question. How exactly the plaintiff styles the argument is not necessarily controlling. We look at the corpus of the allegations and causes of action in the complaint. And as we look at that as a whole, it doesn't even matter whether or not they had attached that breach of contract claim. Ultimately, they are looking for this interpretation, relief related to the consent judgment. Okay. Do you all have any other questions? Are you making preclusion arguments? Are you saying they're precluded from making certain arguments because of the prior? No, Your Honor. I am not. No. Okay. Well, thank you for your argument. Good afternoon again. I find it interesting when the argument is that it's a collateralistic on the consent judgment, and yet the township is taking the position that the project that we're trying to develop is not the same project as in the consent judgment. That my client acquired more property, that there was indeed a concisional rezoning. That's exactly why this should not have been dismissed. As the facts in the case in the complaint detail, my client was told to develop and add additional parcels of land which are not part of the consent judgment. He was told to do so by the township. He followed the township's direction and brought those additional parcels. They are not part of the consent judgment. Yet he's not been able to develop those. There was a conditional rezoning. That was done by the township. But it was not my client's obligation to do an agreement. It was the township's. And one of the things that we're saying, in fact, what it said in the minutes was, as conditions as outlined in the letter and offered by petitioner, comma, subject to an execution of a recordable agreement reviewed by Mr. Dolan and Mr. Santia. Mr. Dolan is the township attorney. Mr. Santia is the township engineer, I guess, traffic studies, things like that. So known to be known as ordinance and so forth. So this was back in October 10, 2006. So these are not things that my client didn't do or failed to do or anything like that. What he's saying is that there are unconstitutional conditions that have been put on him to develop it beyond the consent judgment. And you see that in the history where he goes in front of the Ways and Means Committee several times and they say to him, well, now if you do this and do this and do this, we'll let you develop your property. All of those are extra consent judgment. None of those things are in the consent judgment. At one point he agrees and says, okay, I'll jump through all those hoops. He sent a letter saying, I accept your offer. And then they said no. So part of our breach of contract action is that you made an offer to us, we accepted it, and you didn't go forward with it. That has nothing to do with the consent judgment. So there are substantial facts in this case which lead to our damages claims for the interaction over the 19 years that are separate and distinct. You don't have to interpret the consent judgment to find the unconstitutional additional conditions that were put on from 2006 going forward. You don't have to interpret the consent judgment as to the other parcels of property. They're not part of it. You don't have to say any of those things when you look at the actual facts of the case. What my client is saying is that he had due process rights and equal protection rights and he had a right to develop that property because with the conditional rezoning it became developable by right. And the township refused to act. It isn't even though that they said, here's your plans, we deny them, do something different. They refused to process. They refused to act in any way. Instead they came back to him with yet another unconstitutional condition that they wanted from him. And finally in 2022 he said, enough. And so all those facts make this very different from a case. If I were here saying to the district court, we don't like the consent judgment that was entered in state court. We want you to do something different. But the judge in the district court, federal district court, does not have to do anything with the consent judgment to rule on the interaction between my client and the township for those 19 years post-consent judgment. So we are asking that you reverse. Okay. Thank you. Thank you. We will take the case under submission. Thank you.